FILED

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
–FORT MYERS DIVISION

2010 FEB 17 PM 12: 17

–CIVIL ACTION

U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS, FLORIDA

ESTATE OF ARTHUR LEE COLEMAN, JR.,and
TARLISHA DAVIS, EDDRICH BROWN, TEARA
BROWN, PICOLIA BROWN, MICHI COMER as
Guardian for ARTISHA COLEMAN (a minor) and
GLORIA DAVIS as guardian for ORTON LLEWLLYN
COLEMAN (a mionor),
    –Plaintiff

Case No. 2:09: -cv-____-FtM-___

2:10-cv-105-FtM-36SPC

v.

MICHAEL SCOTT, Sheriff of Lee County,
TIMOTHY GALLOWAY, individually and as a
deputy and ROBERT KERBS and TIMOTHY
McCORMACK, individually and as law enforcement
officers, and LEE COUNTY SHERIFF'S OFFICE,
and CITY OF FORT MYERS ["COFM"], FORT
MYERS POLICE DEPARTMENT, and SCOTT LEY,
individually and a as aU.S. Marshall and the U.S.
MARSHALL'S OFFICE, a federal agency, and U.S.
MARSHALL'S FUGITIVE TASK FORCE, and
UNKNOWN LAW ENFORCEMENT OFFICERS, and
TIMOTHY KELLEY, individually and as a probation
officer, DEPARTMENT OF CORRECTIONS, a State
Agency;
    –Defendant(s)
_____/

## COMPLAINT

NOW COMES, the Estate of Arthur Lee Coleman, Jr., ["Plaintiff"] by Rochelle Z. Catz, Personal Representative on behalf of the Estate in her representative capacity, TARLISHA DAVIS, EDDRICH BROWN, TEARA, BROWN, PICOLIA BROWN, MICHI COMER as Guardian for ARTISHA COLEMAN (a minor) and GLORIA DAVIS as guardian for ORTON LLEWLLYN COLEMAN (a mionor) and **sues** MICHAEL SCOTT, Sheriff of Lee County ["Sheriff" or "Scott"], TIMOTHY GALLOWAY, individually and as a deputy and ROBERT KERBS and TIMOTHY McCORMACK, individually and as law enforcement officers, and LEE COUNTY SHERIFF'S OFFICE ["LCSO"] and CITY OF FORT MYERS ["COFM"], and the FORT MYERS POLICE DEPARTMENT ["FMPD"] and SCOTT LEY, individually and a as a

U.S. Marshall and the U.S. MARSHALL'S OFFICE, a federal agency, and U.S. MARSHALL'S FUGITIVE TASK FORCE, an agent of the United States Government ["TASK FORCE"] and UNKNOWN LAW ENFORCEMENT OFFICERS ["ULEO"] TIMOTHY KELLEY, individual and probation officer and DEPARTMENT OF CORRECTIONS, a state agency, allege as follows:

## I. Jurisdiction

1. Jurisdiction of this court is invoked pursuant to 28 U.S.C. §§ 1331 (federal Question Jurisdiction) and 42 U.S.C. 1983 as amended and known as the "Civil Rights Act." Further, this action for money damages is brought under the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution and under the common law of the State of Florida against all named, known and UNKNOWN state and federal law enforcement officers and against other defendants named herein.

2. Jurisdiction is also brought under the Federal Tort Claims Act for negligence in the investigation, implementation and apprehension of a potential fugitive.

3. This court has pendant jurisdiction under 28 U.S. C. § 1331, 1343(a)(4), 1346(b) and 1367(a); to entertain various state law and common law and statutory law including, ARTICLE I, §§2 and 9, and Fla. Stats. §768.28 et seq. "Florida's Wrongful Death Statute;"

4. Attorney fees and punitive damages may be awarded under 42 U.S.C. 1983 and other state and federal statutes including federal and state common law;

5. Venue is proper in the United States District Court for the Middle District of Florida where and other defendant corporations and individuals resided and maintained a public domestic corporation or conducted business in the Southwest Florida area particularly in Lee County within the state of Florida.

## II. Introduction.

6. This is an action for money damages brought pursuant to 42 U.S.C. §§1983 and 1988 and the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution

and under the wrongful death and negligence statutes and common law of the State of Florida, against Timothy Galloway, Timothy McCormack, Robert Kerb, Scott Ley and unknown persons, as law enforcement officers for Mike Scott, Sheriff Of Lee County, the Fort Myers Police Department, City of Fort Myers, U.S. Marshall's Office and acting in part on behalf of or in conjunction with the U.S. Marshall's Fugitive Task Force, and in their individual capacity. Jurisdiction is based upon 18 U.S. C. §§ 1331 and 1343 and 1346(b) and on the pendent jurisdiction of this Court to entertain claims arising under State and federal law.

7. It is alleged that defendant Scott Ley, Timothy Galloway, Timothy McCormack and Robert Kerb, and unknown law enforcement officers shot and killed Arthur Lee Coleman, Jr., without legal cause or excuse, made an unreasonable stop and seizure of the person of Coleman, violating his rights under the Fourth, Eighth and Fourteenth Amendments to the United States Constitution and assaulted and battered Coleman, Jr.

8. Additionally, it is alleged that Timothy Kelley, a probation officer with the Florida Department of Corrections, intentionally, with culpable negligence or by simple negligence made representations that resulted in the death of Arthur Lee Coleman, Jr. When he swore out warrants for Coleman's arrest when he knew or should have known the statements he made were 'false;' because Coleman was working substantial assistance with the police at all times these representations were made (as part of his condition of probation) to wit: that such violations as first alleged were insubstantial while Coleman was in the service of a special police task force and that Defendant erred when he reported 1) that Coleman was armed and dangerous 2) that he was a 'violent' offender 3) that he was the 'Arthur Lee Coleman' (dob 4/21/1975) that Fort Myers Police Department had an 'open booking report' and not 'Arthur Lee Coleman' (dob 1/7/1981) that he based his amended affidavit of violation and warrant for arrest for on December 23, 2008 and again on Jan. 22, 2009 or that such booking report or criminal acts as alleged in his affidavit never existed and 4) that he failed to contact any person to verify the information published.

9. Further, it is (alternatively) alleged, that at the time of his death, Arthur Lee Coleman, Jr., was working with the police and such acts or omissions to act by the law enforcement officers was negligent or excessive and that the policies, practices and procedures utilized constituted culpable, gross and or simple negligence on the part of the state and federal law enforcement agencies, municipality and police departments and constituted a breach of

each entities lawful duty and failure to protect Coleman, Jr. to the extent he suffered injury and death.

### III. Parties.

10. Plaintiff ESTATE OF ARTHUR LEE COLEMAN, JR., IS A RESIDENT, in the County of Lee, State of Florida.

11. Plaintiff MICHI COMER, is the mother and guardian of ARTISHA COLEMAN, minor daughter of the deceased, Arthur Lee Coleman, Jr. And a resident of Lee County, State of Florida.

12. Plaintiff GLORIA DAVIS, is the grandmother of ORTON LLEWLLYN COLEMAN, minor son of the deceased, Arthur Lee Coleman, Jr. And a resident of Lee County, State of Florida

13. Plaintiff TARLISHA DAVIS, is the half sister of the deceased, Arthur Lee Coleman, Jr. And a resident of Lee County, State of Florida.

14. Plaintiff EDDRICH BROWN, is the half brother of the deceased, Arthur Lee Coleman, Jr. And a resident of Lee County, State of Florida

15. Plaintiff TIARA BROWN, is the half sister of the deceased, Arthur Lee Coleman, Jr. And a resident of Lee County, State of Florida.

16. Plaintiff PICOLIA BROWN, is the Maternal Aunt of the deceased, Arthur Lee Coleman, Jr. And a resident of Lee County, State of Florida.

17. Defendant U.S. MARSHALL'S OFFICE is an agency of the United States Government.

18. Defendant U.S. MARSHALL'S FUGITIVE TASK FORCE, a composite of federal and state law enforcement agencies and officers operating in the Southwest Florida area in Lee County, Florida.

Case 2:10-cv-00105-CEH-SPC   Document 1   Filed 02/17/10   Page 5 of 15

Page 5 of 15

19. Defendant SCOTT LEY ["Marshall" or "Ley"] is a duly appointed Marshall or otherwise and agent and employee of the U.S. MARSHALL'S OFFICE, and a member of the U.S. MARSHALL'S FUGITIVE TASK FORCE operating in Lee County, Florida. At times material in this complaint, Defendant was a duly appointed and acting law enforcement officer acting under color of law, to wit: under color of the statutes, ordinances, regulations, policies, customs and usages of the federal government, U.S. Marshall's Office and U.S. Marshall's Fugitive Task Force.

20. Defendant LEE COUNTY SHERIFF'S OFFICE ["LCSO"] an agency or department within the Executive branch of the State of Florida and is the employer of some of the offending law enforcement officers and is also subject to this courts pendant jurisdiction under 28 U.S.C. § 1332, 1343(a)(4) and 1367(a). The Department is subject to liability under Fla. Stats. Section 768.28 et seq. for negligence.

21. Defendant FORT MYERS POLICE DEPARTMENT ["FMPD"] an agency or department within the Executive branch of the State of Florida and the employer of some of the offending officer defendants named in this suit and is also subject to this courts pendant jurisdiction under 28 U.S.C. § 1332, 1343(a)(4) and 1367(a). The Department is subject to liability under Fla. Stats. Section 768.28 et seq. for negligence.

22. Defendant CITY OF FORT MYERS ["COFM"] is a municipal corporation and the public employer of police officers named, known and unknown in this complaint.

23. Defendant, MIKE SCOTT, is SHERIFF OF LEE COUNTY and operates a law enforcement office called the LEE COUNTY SHERIFF'S OFFICE in Lee County Florida and at the time relevant to this complaint was joined, contracted or otherwise an agent of the U.S. Marshall's Fugitive Task Force, therefore the theory of *respondeat superior* is applicable..

24. Defendant, TIMOTHY GALLOWAY, is an individual and a deputy for the LEE COUNTY SHERIFF'S OFFICE and a member of the U.S. MARSHALL'S FUGITIVE TASK FORCE operating in Lee County, Florida. At times material in this complaint, Galloway was a duly appointed deputy and acting law enforcement officer acting under color of law,

to wit: under color of the statutes, ordinances, regulations, policies, customs and usages of the Sheriff of Lee County, County of Lee, State of Florida and U.S. Marshall's Fugitive Task Force.

25. Defendant, TIMOTHY MCCORMACK, is an individual and a Police Officer for the CITY OF FORT MYERS and FMPD and a member of the U.S. MARSHALL'S FUGITIVE TASK FORCE operating in Lee County, Florida. At times material in this complaint, Defendant was a duly appointed police officer and acting law enforcement officer acting under color of law, to wit: under color of the statutes, ordinances, regulations, policies, customs and usages of the agency, department, municipal government, State of Florida and U.S. Marshall's Fugitive Task Force.

26. Defendant, ROBERT KERB, is an individual and a Police Officer for the CITY OF FORT MYERS and FMPD and a member of the U.S. MARSHALL'S FUGITIVE TASK FORCE operating in Lee County, Florida. At times material in this complaint, Defendant was a duly appointed police officer and acting law enforcement officer acting under color of law, to wit: under color of the statutes, ordinances, regulations, policies, customs and usages of the agency, department, municipal government, State of Florida and U.S. Marshall's Fugitive Task Force.

27. Defendant, UNKNOWN LAW ENFORCEMENT OFFICERS, are individuals, deputies and Police Officers for the CITY OF FORT MYERS and FMPD and MIKE SCOTT, Sheriff of Lee County, Lee County Sheriff's Office, U.S. Marshall's Office and are members of the U.S. MARSHALL'S FUGITIVE TASK FORCE operating in Lee County, Florida. At times material in this complaint, Defendants were duly appointed police officers and acting law enforcement officers acting under color of law, to wit: under color of the statutes, ordinances, regulations, policies, customs and usages of the agency, department, municipal government, State of Florida and U.S. Marshall's Fugitive Task Force.

28. Defendant, TIMOTHY KELLEY, is an individual and a Probation Officer for the FLORIDA DEPARTMENT OF CORRECTIONS operating in Lee County, Florida. At times material in this complaint, Defendant was a duly appointed officer or employee of a State

Agency and probation officer acting under color of law, to wit: under color of the statutes, ordinances, regulations, policies, customs and usages of the agency, department, and State of Florida.

29. Defendant DEPARTMENT OF CORRECTIONS ["DOC"] is an agency or department within the Executive branch of the State of Florida and the employer of some of the offending officer defendants named in this suit and is also subject to this courts pendant jurisdiction under 28 U.S.C. § 1332, 1343(a)(4) and 1367(a). The Department is subject to liability under Fla. Stats. Section 768.28 et seq. for negligence

## IV. Alternative theory of liability

30. Where law enforcement officer defendants operated Ultra vires, intentional or without lawful authority, while in the course of his or her employment he or she is subject to this suit under the Civil Rights Acts and other intentional torts however if only negligent and where defendant officers acted in accord with his position within the scope of employment with the government agency each is immune from suit and the agencies are liable under the federal tort claims act and state negligence laws under Fla. Stats. §768.28 et seq.

## V. Common Facts

31. On or about January 26, 2009 on a quiet residential Street in the City of Fort Myers, also known as the "City of Palms," the U.S. Marshall's Fugitive Task Force, directed by agents of the U.S. Marshall's Office and comprised of various local law enforcement officers from the Lee County Sheriff's Office and Fort Myers Police Department including Deputy Timothy Galloway and Officers Timothy McCormack and Robert Kerb, and U.S. Marshall Scott Ley, along with Unknown Law Enforcement Officers from these and other agencies descended upon and surrounded an automobile parked at a Gibson Street address belonging to a girlfriend of Coleman's in the hour darkest before the dawn at about 4:50AM.

32. At times relevant to this complaint, the Deceased was working with and at the direction of law enforcement officers of various agencies under a special task force in an undercover capacity particularly the Lee County Sheriff's Office, giving substantial assistance as a condition of his probation.

33. Based upon information and belief, the law enforcement officer defendants and Task Force was operating on a tip from an unknown informant that Coleman would be located at this

particular residence at the aforementioned particular time and date.

34. As the defendant law enforcement officers arrived at the 112 Gibson Street address, Coleman and his Girlfriend Kevondra Marion and her two small children were preparing to leave the house in the early morning darkness. Marion with her two children in the back of her dark blue intrepid and Coleman in a late model white Acura were leaving as the defendant law enforcement officers arrived.

35. While backing out of the driveway in the dark, Coleman was shot by defendant law enforcement officers without legal cause or other justification. Defendant officers with the U.S. Marshall's Fugitive Task Force, with wanton disregard for life and limb took aim at Coleman striking Coleman in the left shoulder and in the top of his skull. Neighbors heard shots fired and an unknown officer yell into the early morning darkness "shoot the son of a #*!!"

36. Coleman did not die immediately but was in great pain and suffering from his injuries for several hours.

37. Coleman died a few hours later at Lee Memorial Hospital on January 26, 2008.

38. At no time during the aforementioned described events was Coleman armed nor did he know that police were near enough to his car to be struck as he was backing out of the driveway. Further, at no time was Coleman a threat to the safety of himself or others. Nor had he committed any criminal offenses.

39. Moreover, at the time of the arrest warrants and affidavit of violation of probation were issued, Coleman was still complying with the terms of his agreement and he was actively working with the police–pursuant to his substantial assistance agreement.

40. Defendant law enforcement officers and the U.S. Marshall's Fugitive Task Force had no reasonably valid warrant, no probable cause for the arrest of Coleman and no legal cause or excuse to seize the person of the plaintiff's decedent, Coleman.

41. Probation officer Timothy Kelley either knowingly or negligently issued false affidavits to a circuit judge to procure the arrest warrants served in this case by defendant officers.
    a. But for Kelley's intentional misrepresentation that Coleman violated his probation and was armed and dangerous and a violent offender Coleman would not have been arrested, injured or killed;
    b. But for Kelley's negligent misrepresentation that Coleman violated his probation and was armed and dangerous and a violent offender Coleman would not have been arrested, injured or killed;
    c. But for Kelley's negligent act or omission to act to review his case carefully and verify information as any reasonable probation officer Coleman would not have

been arrested, injured or killed.

42. Defendant unknown law enforcement officers knew or should have known Coleman was working with them and had not committed any crime at the time of his homicide. Defendants knew the erroneous arrest warrants were issued, had a duty to protect Coleman as a member of their special task force on crime and their failure to act to ascertain that the warrants were erroneous was a breach of that duty to protect Coleman while he was in their service and but for their acts or omissions Coleman is dead.

43. Based upon information and belief, law enforcement defendants and task force had attempted to serve a warrant for the arrest of Coleman that was obtained fraudulently and based upon a false affidavit by police.
    a. upon information and belief, there were state and federal officers working together on a special assignment or with a task force dedicated to uncover and break up an illegal enterprise that was stealing and selling automobiles across state lines and overseas and
    b. said enterprise was based out of the South Florida area including Miami and Fort Myers, Florida;
    c. Coleman was a well known car thief in the community who allegedly had ties with the enterprise operating in Miami and was recruited by police to provide substantial assistance
    d. On May 5, 2008, Coleman agreed to assist police in busting the criminal enterprise in exchange for a plea bargain in Twentieth Judicial Circuit Court Case No. 06-CF-198 where he was charged with Racketeering, Dealing in Stolen Property and several grand theft auto charges. In exchange for his promise to help police and plea of no contest, Coleman was sentenced to his 22 months and 23 days DOC with credit time served for the same amount of time already spent incarcerated in the Lee County Jail followed by 30 months of probation.
    e. Thereafter, upon his release from custody, Coleman provided substantial assistance and create a confidence of the targeted enterprise by helping law enforcement undercover agents set up, steal and deliver several cars from the area including from various local and 'unsuspecting' automobile dealers;
    f. Based upon information and belief the special task force assigned to this criminal enterprise that Coleman was providing assistance were law enforcement officers who are the same or some of the same law enforcement officers named in this suit;
    g. Coleman knew or was aware that some police officers were 'taking' things off these automobiles without legal cause; further, they were pleased with his assistance and allowed him to drive some of the stolen automobiles taken in order to further the confidence of the criminal enterprise in his and their cover; additionally, upon belief, where these car dealers were unaware that these thefts were police directed the dealers put in insurance claims on these missing and presumed stolen inventory. Coleman was not aware that police were working without authority of law or in excess of the law.

    h.    In fact (emphasis added) Coleman reasonably believed he was doing everything the special joint task force of federal and state agents wanted him to do and was surprised to learn that the police had put a warrant out for his arrest and because he was still working with the police in their special joint task force.

    i.    With knowledge that Coleman was working with police and without want of probable cause, defendant unknown Police officers working in this special joint task force intentionally sought and requested a warrant for Coleman's arrest.

    j.    Further, upon information and belief, unknown police officers from this special unit and task force, intentionally caused a false report to be filed alleging Coleman had committed the crime of running a stop sign and felony fleeing and eluding on or about June 4, 2009.

44. Prior to his death, some law enforcement officers not associated with the special joint task force were told by defendant unknown law enforcement officers that Arthur Lee Coleman, Jr. had successfully eluded police and remained at large living with friends in the community for several months.

45. Additionally, it was knowingly misrepresented by an unknown officer in the Fort Myers Police Department and reported to other officers that Coleman was armed and dangerous and had a history of violence.

46. Upon belief, this aforementioned information and report was false and intended to inflame police officers in the community and heighten their fear of Coleman creating a condition or circumstance that was substantially certain to result in death or great bodily harm to Coleman.

47. There were three warrants for the arrest of Coleman in case no. 06-000198- CFA, November 10, 2008, November 13, 2008, and December 23, 2008. All warrants were recalled on March 10, 2009 by order of the Circuit Court–where it was stated to be in the public interest, three months after the wrongful death of Arthur Lee Coleman, on January 26, 2009.

48. As a direct and proximate result of Defendant officers acts, Coleman suffered the following injury and damages:
    a.    Violation of his constitutional rights under the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution to be free from unreasonable detention, search and seizure of his person;
    b.    Free to move, come and go as he pleased in a free society;
    c.    Free from excessive punishment and force inflicted upon him;
    d.    Right to reasonable protection by police while working as an informer;
    e.    Right to fulfill the terms and conditions of his probation;
    f.    Loss of his life;
    g.    Physical pain and suffering and emotional trauma and suffering and expenditure of

       money for treatment;

49. As a direct and proximate result of Defendant officers acts or omissions to act, Coleman suffered the following injury and damages:
    a. Violation of his constitutional rights under the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution to be free from unreasonable detention, search and seizure of his person;
    b. Free to move, come and go as he pleased in a free society;
    c. Free from excessive punishment and force inflicted upon him;
    d. Right to reasonable protection by police while working as an informer;
    e. Right to fulfill the terms and conditions of his probation;
    f. Loss of his life;
    g. Physical pain and suffering and emotional trauma and suffering and expenditure of money for treatment;

50. Coleman suffered the untimely end of his relationship with his children, with the corresponding loss of income, services, protection, care, assistance, society, companionship, comfort, guidance, counsel and advice, and was forced to incur medical bills in excess of $9,000 and funeral and other expenses including proper burial or cremation.

51. The actions of the defendant officers and U.S. Marshall's Fugitive Task Force violated the following clearly established rights of Arthur Lee Coleman, Jr.,
    a. Freedom from unreasonable detention
    b. Freedom from unreasonable seizure of his person;
    c. Freedom from unreasonable and excessive and unjustifiable use of force upon his person;
    d. Right to reasonable protection while in the service of law enforcement as an agent, informer or other substantial assistance person;

**COUNT I – 42 U.S.C. §1983 – WRONGFUL DEATH -** *(a) MICHAEL SCOTT, Sheriff of Lee County (b) TIMOTHY GALLOWAY ( c) ROBERT KERBS (d) TIMOTHY McCORMACK, (e) LEE COUNTY SHERIFF'S OFFICE (f) CITY OF FORT MYERS (g) FORT MYERS POLICE DEPARTMENT (h) SCOTT LEY ( i) U.S. MARSHALL'S OFFICE, (j) U.S. MARSHALL'S FUGITIVE TASK FORCE, (k) UNKNOWN LAW ENFORCEMENT OFFICERS ( l ) TIMOTHY KELLEY,(m) DEPARTMENT OF CORRECTIONS;*

52. Plaintiffs re-allege all of the foregoing paragraphs 1 through 49 and incorporate them by reference as though fully pled herein.

53. Plaintiffs claims damages for the wrongful death of Arthur Lee Coleman, Jr., and for his loss of income, services, protection, care, assistance, society, companionship, comfort,

guidance, counsel, and advice, and for funeral and burial expenses under 42 U.S.C. § 1983 and the Florida Wrongful Death Statute.

**COUNT II – 42 U.S.C. §1983 – SURVIVAL ACTIONS** - (*a*) *MICHAEL SCOTT, Sheriff of Lee County* (*b*) *TIMOTHY GALLOWAY* ( *c*) *ROBERT KERBS* (*d*) *TIMOTHY McCORMACK, (e) LEE COUNTY SHERIFF'S OFFICE (f) CITY OF FORT MYERS (g) FORT MYERS POLICE DEPARTMENT (h) SCOTT LEY ( i) U.S. MARSHALL'S OFFICE, (j) U.S. MARSHALL'S FUGITIVE TASK FORCE, (k) UNKNOWN LAW ENFORCEMENT OFFICERS ( l ) TIMOTHY KELLEY,(m) DEPARTMENT OF CORRECTIONS;*

54. Plaintiffs re-allege all of the foregoing paragraphs 1 through 49 and incorporate them by reference as though fully pled herein

55. Arthur Lee Coleman, Jr., was forced to endure great pain and suffering, and to be attended to by medical providers including physicians and hospital staff and incur medical expenses for medical treatment given to Coleman prior to his death.

56. This action survives Coleman's death and is properly asserted by his Estate pursuant to the laws of Florida and asserted by family Plaintiffs under these same laws.

57. Plaintiffs claim damages for the conscious pain and suffering and necessary medical expenses incurred by Coleman, under 42 U.S.C. § 1983.

**COUNT III – Fla. Stats. Section 768.28 et seq. – "WRONGFUL DEATH"**– (alternative theory) (*a*) *MICHAEL SCOTT, Sheriff of Lee County* (*b*) *TIMOTHY GALLOWAY* ( *c*) *ROBERT KERBS* (*d*) *TIMOTHY McCORMACK, (e) LEE COUNTY SHERIFF'S OFFICE (f) CITY OF FORT MYERS (g) FORT MYERS POLICE DEPARTMENT (h) SCOTT LEY ( i) U.S. MARSHALL'S OFFICE, (j) U.S. MARSHALL'S FUGITIVE TASK FORCE, (k) UNKNOWN LAW ENFORCEMENT OFFICERS ( l ) TIMOTHY KELLEY,(m) DEPARTMENT OF CORRECTIONS;*

58. Plaintiffs re-allege all of the foregoing paragraphs 1 through 49 and incorporate them by reference as though fully pled herein.

59. To the extent the aforementioned actions of the officers and other defendants were only negligent acts or omissions to act, <u>defendants</u> are responsible for damages to Coleman pursuant to Florida's wrongful death act. *See Fla. Stat. §768.28 et seq.*

**COUNT IV – Fla. Stats. Section 768.28 et seq. – "SURVIVAL ACTIONS"**– (alternative theory) (*a*) *MICHAEL SCOTT, Sheriff of Lee County* (*b*) *TIMOTHY GALLOWAY* ( *c*) *ROBERT KERBS* (*d*) *TIMOTHY McCORMACK, (e) LEE COUNTY SHERIFF'S OFFICE (f) CITY OF FORT MYERS (g) FORT MYERS POLICE DEPARTMENT (h) SCOTT LEY ( i) U.S. MARSHALL'S OFFICE, (j) U.S. MARSHALL'S FUGITIVE TASK FORCE, (k) UNKNOWN LAW ENFORCEMENT OFFICERS ( l ) TIMOTHY KELLEY,(m) DEPARTMENT OF CORRECTIONS;*

60. Plaintiffs re-allege all of the foregoing paragraphs 1 through 49 and incorporate them by reference as though fully pled herein.

61. To the extent the actions of the officers and other defendants were negligent acts or omissions to act <u>defendants</u> are responsible for damages to Coleman pursuant to Florida's wrongful death act. *See Fla. Stat. §768.28 et seq.*

**COUNT V – "ASSAULT AND BATTERY"– Wrongful Death -** *(a) MICHAEL SCOTT, Sheriff of Lee County (b) TIMOTHY GALLOWAY ( c) ROBERT KERBS (d) TIMOTHY McCORMACK, (e) LEE COUNTY SHERIFF'S OFFICE (f) CITY OF FORT MYERS (g) FORT MYERS POLICE DEPARTMENT (h) SCOTT LEY ( i) U.S. MARSHALL'S OFFICE, (j) U.S. MARSHALL'S FUGITIVE TASK FORCE, (k) UNKNOWN LAW ENFORCEMENT OFFICERS ( l ) TIMOTHY KELLEY,(m) DEPARTMENT OF CORRECTIONS;*

62. Plaintiffs re-allege all of the foregoing paragraphs 1 through 49 and incorporate them by reference as though fully pled herein.

63. Defendants assaulted and battered Coleman.

64. Plaintiffs claims damages for the wrongful death of Arthur Lee Coleman, Jr., and for his loss of income, services, protection, care, assistance, society, companionship, comfort, guidance, counsel, and advice, and for funeral and burial expenses under the common law of Florida and the Florida Wrongful Death Statute.

**COUNT VI – "ASSAULT AND BATTERY"– Survival Action –** *(a) MICHAEL SCOTT, Sheriff of Lee County (b) TIMOTHY GALLOWAY ( c) ROBERT KERBS (d) TIMOTHY McCORMACK, (e) LEE COUNTY SHERIFF'S OFFICE (f) CITY OF FORT MYERS (g) FORT MYERS POLICE DEPARTMENT (h) SCOTT LEY ( i) U.S. MARSHALL'S OFFICE, (j) U.S. MARSHALL'S FUGITIVE TASK FORCE, (k) UNKNOWN LAW ENFORCEMENT OFFICERS ( l ) TIMOTHY KELLEY,(m) DEPARTMENT OF CORRECTIONS;*

65. Plaintiffs re-allege all of the foregoing paragraphs 1 through 49 and incorporate them by reference as though fully pled herein.

66. Defendants assaulted and battered Coleman.

67. Coleman was forced to endure great conscious pain and suffering, and to be attended by physicians and to incur expenses for such medical treatment, before his death.

68. This action survives Coleman's death and is properly asserted by his Estate pursuant to the laws of Florida and asserted by family Plaintiffs under these same laws.

69. Plaintiffs claim damages for the conscious pain and suffering and necessary medical

expenses incurred by Coleman under Florida law.

**COUNT VII – "ASSAULT AND BATTERY"– Wrongful Death -** *(h) SCOTT LEY ( i) U.S. MARSHALL'S FUGITIVE TASK FORCE, (j) UNKNOWN (FEDERAL) LAW ENFORCEMENT OFFICERS );*  *federal tort claims act –*

70. Plaintiffs re-allege all of the foregoing paragraphs 1 through 49 and incorporate them by reference as though fully pled herein.

71. Defendants assaulted and battered Coleman.

72. Plaintiffs claims damages for the wrongful death of Arthur Lee Coleman, Jr., and for his loss of income, services, protection, care, assistance, society, companionship, comfort, guidance, counsel, and advice, and for funeral and burial expenses under the common law of Florida and the Florida Wrongful Death Statute.

**COUNT VIII – "ASSAULT AND BATTERY"– Survival Action –** *((h) SCOTT LEY ( i) U.S. MARSHALL'S FUGITIVE TASK FORCE, (j) UNKNOWN (FEDERAL) LAW ENFORCEMENT OFFICERS );*  *federal tort claims act –*

73. Plaintiffs re-allege all of the foregoing paragraphs 1 through 49 and incorporate them by reference as though fully pled herein.

74. Defendants assaulted and battered Coleman.

75. Coleman was forced to endure great conscious pain and suffering, and to be attended by physicians and to incur expenses for such medical treatment, before his death.

76. This action survives Coleman's death and is properly asserted by his Estate pursuant to the laws of Florida and asserted by family Plaintiffs under these same laws.

77. Plaintiffs claim damages for the conscious pain and suffering and necessary medical expenses incurred by Coleman under Florida law.

**COUNT IX – "ASSAULT AND BATTERY"–** Timothy Kelley,  *negligent misrepresentation*

78. Plaintiffs re-allege all of the foregoing paragraphs 1 through 49 and incorporate them by reference as though fully pled herein.

79. Defendants assaulted and battered Coleman.

80. Coleman was forced to endure great conscious pain and suffering, and to be attended by physicians and to incur expenses for such medical treatment, before his death.

81. This action survives Coleman's death and is properly asserted by his Estate pursuant to

the laws of Florida and asserted by family Plaintiffs under these same laws.

82. Plaintiffs claim damages for the conscious pain and suffering and necessary medical expenses incurred by Coleman under Florida law

JURY DEMAND

83. PLAINTIFFS, PURSUANT TO THE UNITED STATES CONSTITUTION DEMANDS A TRIAL BY JURY IN ALL MATTERS SO TRIABLE.

**WHEREFORE** Plaintiffs demand judgment against defendant and respectfully asks this Honorable court to :

1. Award compensatory damages to plaintiff against the defendants;

2. Award costs of this action to plaintiff;

3. Award reasonable attorneys fees to plaintiff and costs on counts I and II of the complaint pursuant to 42 U.S.C. § 1983;

4. Award punitive damages to plaintiffs where allowed by law ;

5. Grant such additional relief as this Honorable Court deems just and equitable.

Respectfully submitted by and through undersigned Counsel:

\s\ Michelle Erin Berthiaume

Lead Counsel :   Michelle Erin Berthiaume, Esquire
                 Florida Bar No. 0193402
Co-Counsel :     Edward J. Kelly, Esquire
                 Florida Bar No. 871818
                 BERTHIAUME & KELLY, P.A.
                 2551 Fourth Street
                 Fort Myers, Florida 33901
                 (239) 415-9907 Telephone
                 (239) 415-9921 Facsimile
                 Meblawoffice@aol.com