UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ESTATE OF ARTHUR LEE COLEMAN, JR.,
TARLISHA DAVIS; EDDRICH BROWN; TEARA
BROWN; PICOLIA BROWN; MICHI COMER, as
guardian for Artisha Coleman (a minor); GLORIA
DAVIS, as guardian for Orton Llewllyn Coleman (a
minor),

                Plaintiffs,

-vs-                                                                       Case No. 2:10-cv-105-FtM-36SPC

MICHAEL SCOTT, Sheriff of Lee County;
TIMOTHY GALLOWAY, individually and as a
deputy; ROBERT KREBS, individually and as law
enforcement officer; TIMOTHY McCORMACK,
individually and as law enforcement officer; LEE
COUNTY SHERIFF'S OFFICE; CITY OF FORT
MYERS; FORT MYERS POLICE DEPARTMENT;
SCOTT LEY, individually and as a U.S. Marshal;
U.S. MARSHAL'S OFFICE, a Federal Agency; U.S.
MARSHAL'S FUGITIVE TASK FORCE;
UNKNOWN LAW ENFORCEMENT OFFICERS;
TIMOTHY KELLEY, individually and as a
Probation Officer; DEPARTMENT OF
CORRECTIONS, a State Agency,

                Defendants.
_____

**ORDER**

       This matter comes before the Court on Plaintiff's Motion to Withdraw Doc. 46 and Motion to Amend Caption and to Substitute "Walter A. McNeil, Secretary" In Place of Florida Department of Corrections as the Real Party in Lieu of the Agency and for Additional Time to Serve Defendant Timothy Kelley (Doc. #47) filed on July 11, 2010.  Defendant Florida Department of Corrections filed a Response on July 23, 2010.  Thus, the Motion is now ripe for review.

At the outset, the Court notes that Plaintiff's Motion contains at least three separate requests for relief. This is improper. Each separate request for relief should be set forth in separate motions and "the movant shall include a concise statement of the precise relief requested, a statement of the basis for the request, and a memorandum of legal authority in support of the request." Local Rule 3.01(a). In the future, failure to do so could result in the Court denying Plaintiff's Motion on this basis alone. The Court will, at this time, however, address each request made in Plaintiff's Motion.

First, Plaintiff moves to substitute Walter A. MacNeil, the Secretary of the Florida Department of Corrections, in place of the Agency itself. The Court agrees that to impose liability on a governmental entity, the Plaintiff must bring an action in the name of the individual holding the office alleged to be responsible for the constitutional violation at issue. *See* Duncan v. Lee County Sheriff's Dept., Slip Copy, 2007 WL 2919027, *2 (M.D. Fla. 2006). Federal Rule 25(d) allows for the substitution of public officers in certain situations, including death of a public officer or separation from office. In these situations, the officer's successor is automatically substituted as a party. Because neither situation contemplated by Rule 25(d) has occurred in this case, substitution is improper. It appears that what Plaintiff is seeking to do is amend the caption of this case to include the Secretary rather than the Department. In that case, the proper method is for Plaintiff to move to file a Second Amended Complaint pursuant to Federal Rule 15.

Second, Plaintiff moves to withdraw Document #46, which was Plaintiff's response to Defendant Florida Department of Correction's Motion to Quash Service of Process and Motion to Dismiss (Doc. #22). Plaintiff asserts that this response was filed in error by counsel. Apparently Plaintiff wishes to withdraw this pleading because she believes that the FDOC's Motion is now moot, because - as discussed above - this action should have been brought against the Secretary and

not against the Department of Corrections. The Court agrees with Defendant FDOC that the instant Motion does not resolve the issues raised in the Motion to Quash and Dismiss filed by FDOC currently pending before the District Court. Thus, Plaintiff's request to withdraw Document #46 is due to be denied.

Finally, Plaintiff requests an additional 45 days to serve the Secretary and Defendant Timothy Kelley. Plaintiff asserts that Officer Kelley no longer works for the FDOC and it is unclear whether he still has status as a law enforcement officer. Because the Court has denied Plaintiff's request to substitute the Secretary as a party to this action, the request for additional time to serve the Secretary is denied. With regard to Officer Kelley, Plaintiff may move for additional time in a separate motion setting forth sufficient grounds.

Accordingly, it is now

**ORDERED:**

Motion to Withdraw Doc. 46 and Motion to Amend Caption and to Substitute "Walter A. McNeil, Secretary" In Place of Florida Department of Corrections as the Real Party in Lieu of the Agency and for Additional Time to Serve Defendant Timothy Kelley (Doc. #47) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this  29th  day of July, 2010.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record