**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

ESTATE OF ARTHUR LEE COLEMAN, JR.,

                Plaintiffs,

-vs-                                        Case No.  2:10-cv-105-FtM-36SPC

MICHAEL SCOTT, Sheriff of Lee County; TIMOTHY GALLOWAY, individually and as a deputy; ROBERT KREBS, individually and as law enforcement officer; TIMOTHY McCORMACK, individually and as law enforcement officer; LEE COUNTY SHERIFF'S OFFICE; CITY OF FORT MYERS;  SCOTT LEY, individually and as a U.S. Marshal; U.S. MARSHAL'S OFFICE, a Federal Agency; U.S. MARSHAL'S FUGITIVE TASK FORCE; UNKNOWN LAW ENFORCEMENT OFFICERS;

                Defendants.

_____

**ORDER**

This matter comes before the Court on Plaintiff, Rochelle Catz, Personal Representative of the Estate of Arthur Lee Coleman's Motion to Add Parties (Doc. #117) filed on August 9, 2011. The Plaintiff seeks to add Lee County Sheriff's Deputy, Leslie Green, and Deputy U.S. Marshal, Paul Smith, as defendants in this case. As grounds, Plaintiff states that "the addition of two law enforcement officers…may serve to provide less inconsistency if these officers were sued separately in another forum." Defendants, Timothy Galloway, individually, and Lee County Sheriff Mike Scott, individually, filed their Response in Opposition (Doc. # 123) on August 16, 2011. Thus, the Motion is now ripe for the Court's review.

Under the Federal Rules of Civil Procedure 15(a), a party may amend the party's pleading as a matter of course within twenty-one (21) days after serving it or if the pleading is one which a responsive pleading is required twenty-one (21) days after service of the responsive pleading or twenty-one (21) days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier. Fed. R. Civ. P. 15(a)(1). Otherwise, the Party must seek leave of court or written consent of the adverse party in order to amend the pleading. Fed. R. Civ. P. 15(a)(2). "The decision whether to grant leave to amend a complaint is within the sole discretion of the district court." Laurie v. Ala. Crim. App., 256 F.3d 1266, 1274 (11th Cir. 2001). However, pursuant to Fed. R. Civ. P. 15(a), timely motions for leave to amend are held to a very liberal standard and leave to amend should be freely given when justice so requires. Senger Brothers Nursery, Inc. v. E.I. Dupont De Nemours & Co., 184 F.R.D. 674, 678 (M.D. Fla 1999). Thus, Rule 15(a) limits the court's discretion by requiring that leave to amend must be "freely given when justice so requires." Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L.Ed.2d 222 (1962); Nat'l. Indep. Theatre Exhibitors, Inc. v. Charter Fin. Group, Inc., 747 F.2d 1396, 1404 (11th Cir. 1984). As a result, the Court must provide substantial justification if the Court denies a timely filed motion for leave to amend. Laurie, 256 F.3d at 1274. "Substantial reasons justifying a denial include 'undue delay, bad faith, dilatory motive on the part of the movant . . . undue prejudice to the opposing party by virtue of allowance of the amendment [and] futility of allowance of the amendment.'" Id.

On July 21, 2011, the District Court dismissed this case without prejudice (Doc. # 113), and allowed the Plaintiff twenty-one (21) days to file an amended complaint. On August 11, 2011 the Plaintiff filed its Third Amended Complaint (Doc. # 119), in compliance with the

District Court's Order. However, Plaintiff failed to name the added defendants in the amended pleading, even though the instant Motion was filed before the Plaintiff filed her Third Amended Complaint. On August 29, 2011, the Court submitted an Order (Doc. #130), directing Plaintiff to show cause in writing why she did not add the putative defendants Dep. Leslie Greene and Dep. U.S. Marshal Paul Smith to the Third Amended Complaint. On August 30, 2011, Plaintiff filed its Response to Order to Show Cause (Doc. # 132) and stated that, "[t]here…appeared to be a limitation on whether a party could add parties unless the court specifically approved once a case management order was in place," although this Court ordered Plaintiff to amend her pleading to conform with the Fed. R. Civ. P and Florida law, including the naming of additional parties.

As it is within the discretion of this Court to excuse the Plaintiff's procedural mistake and to allow Plaintiff to add parties as requested, the Court finds that good cause is shown to allow the addition of the putative defendants. Furthermore, the Court notes that this pleading contains no undue delay, bad faith, or dilatory motive on the part of the movant. Specifically, the Court recognizes Plaintiff's statement in its Motion to Add Parties (Doc. # 117), "…this case should not substantially prejudice the other parties to this action." Therefore, the Court finds that Plaintiff's Motion to Add Parties should be granted. Thus, the Court will allow seven (7) days for the Plaintiff to add parties, up to and including September 13, 2011.

As a result of the Court granting the Motion to Add Parties, no further action is required on the Court's Order to Show Cause (Doc. # 130) filed on August 29, 2011.

Accordingly, it is now

**ORDERED:**

Plaintiff's Motion to Add Parties (Doc. # 117) is **GRANTED**. Plaintiff has until **September 13, 2011** to add additional parties to this action.

**DONE AND ORDERED** at Fort Myers, Florida, this ___6th___ day of September, 2011.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record