**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION**

ROCHELLE Z. CATZ,
personal representative of the
ESTATE OF ARTHUR LEE COLEMAN,

      Plaintiff,

vs.                                        Case No. 2:10-cv-105-J-37SPC

UNITED STATES OF AMERICA,

      Defendant.

**ORDER**

This cause is before the Court on the following:

1)   United States Second Renewed Motion to Dismiss Plaintiff's Federal Tort Claims Act ("FTCA") Claims for Lack of Jurisdiction (Doc. No. 145) ("Renewed Motion"), filed on September 9, 2011;[1] and

2)   Response to the United States's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. 145) (Doc. No. 149), filed on September 19, 2011.

**BACKGROUND**

On January 26, 2009, Arthur Lee Coleman was fatally shot by a law enforcement officer while operating a vehicle. (Doc. No. 142, ¶¶ 31, 35.) On December 6, 2009, Mr. Coleman's personal representative, Rochelle Z. Catz, filed an administrative claim to the "U.S. Marshal's Office, Department of Justice pursuant to their instructions published on the internet." (*Id.* at ¶ 2a.) Approximately two months later, on February 17, 2010, Ms. Catz filed the initial Complaint (Doc. No. 1) in this action.

---

[1] Pursuant to the United States's request, the Court also considered the arguments set forth in Document Numbers 108 and 112. (*See* Doc. No. 145, p. 1 n.1.)

On September 1, 2010, Ms. Catz filed her Second Amended Complaint (Doc. No. 59). On May 18, 2011, the United States filed its Motion to Dismiss Plaintiff's Claims Pursuant to FTCA for Lack of Jurisdiction. (Doc. No. 108.) Ms. Catz filed a Response to the United States's Motion to Dismiss for Lack of Subject Matter Jurisdiction on May 26, 2011. (Doc. No. 109.) On June 30, 2011, the United States filed a Reply to Plaintiff's Response to Motion to Dismiss Plaintiff's Claims Pursuant to FTCA for Lack of Jurisdiction. (Doc. No. 112.)

On July 21, 2011, the Honorable Charlene Edwards Honeywell ("Judge Honeywell") entered an Order dismissing Ms. Catz's Second Amended Complaint, in which she stated:

> In its motion to dismiss, the United States argues that the Court lacks jurisdiction over Plaintiff's Federal Tort Claims Act counts due to Plaintiff's failure to exhaust its administrative remedies prior to filing this suit (Dkt. 108). This argument appears to be well taken. It is clear that the instant action was commenced on February 17, 2010 and that Plaintiff's filing of the Second Amended Complaint did not commence a new action. However, the purpose of this Order is to clean up the Second Amended Complaint so that the defendants and the Court can identify the claims that have been alleged. Therefore, if needed, this issue of failure to exhaust administrative\ remedies will be addressed in a separate order.

(Doc. No. 113-1, p. 11.)

On August 11, 2011, Ms. Catz filed a Third Amended Complaint (Doc. No. 119), which was superseded by her Fourth Amended Complaint, filed on September 8, 2011 (Doc. No. 142). On September 9, 2011, the United States of America filed its Renewed Motion. (Doc. No. 145.) Ms. Catz filed her Response on September 19, 2011. (Doc. No. 149.) The case was transferred to the undersigned on February 14, 2012.

## DISCUSSION

In its Renewed Motion (Doc. No. 145), the United States argues that Ms. Catz's

FTCA claims must be dismissed because she failed to follow the procedures set forth in 28 U.S.C. § 2675(a), which states:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section. The provisions of this subsection shall not apply to such claims as may be asserted under the Federal Rules of Civil Procedure by third party complaint, cross-claim, or counterclaim.

The United States maintains that because Ms. Catz filed the initial Complaint (Doc. No. 1) "just two months after submitting the administrative claim to the United States Marshals Service," this Court does not have subject matter jurisdiction to hear the claims brought against the United States pursuant to the FTCA. (Doc. No. 145, pp. 1-2.)

A federal court lacks subject matter jurisdiction over an FTCA claim unless the claimant follows 28 U.S.C. § 2675(a)'s procedures. *See Davis v. United States*, 272 F. App'x 863, 866 (11th Cir. 2008). Both Supreme Court and Eleventh Circuit precedent make clear that even if a litigant's administrative claims are ultimately denied by the appropriate Federal agency, if he or she "prematurely files" an FTCA complaint, the district court is divested subject matter jurisdiction. *See id.* (finding that because the Bureau of Prison had not "finally denied" Davis's administrative claim in writing at the time Davis filed his suit in federal court, the district court did not err in dismissing the FTCA claims for lack of subject matter jurisdiction, even though Davis's claims were exhausted five months after the action was filed); *see also Turner v. United States*, 514 F.3d 1194, 1201 (11th Cir.

2008) (quoting *McNeil v. United States*, 508 U.S. 106, 113 (1993)) ("Because the FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies, the district court lacks subject matter jurisdiction over prematurely filed suits.")

Because Ms. Catz filed the initial Complaint (Doc. No. 1) in this Court before the U.S. Marshal's Office "finally denied" the administrative claim she filed on behalf of Mr. Coleman's estate and before the six month period described in 28 U.S.C. § 2675(a) had lapsed, this Court is barred from hearing the FTCA claims. *See McNeil*, 508 U.S. at 107. As such, the United States's Renewed Motion (Doc. No. 109) is due to be granted.

## CONCLUSION

It is hereby **ORDERED AND ADJUDGED**:

1) United States Second Renewed Motion to Dismiss Plaintiff's Federal Tort Claims Act Claims for Lack of Jurisdiction (Doc. No. 145) is **GRANTED**; and

2) Count I of the Fourth Amended Complaint is **DISMISSED.** Because there are no additional claims against Defendant, United States of America, the clerk is **DIRECTED** to terminate the United States as a party to this action.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida, on April 17, 2012.

ROY B. DALTON, JR.
United States District Judge

Copies:
Counsel of Record